## Case No. 745.

### BAILEY et al. v. SCHELL.

[5 Blatchf. 195.][1]

Circuit Court, S. D. New York. Nov. 23, 1863.

CUSTOMS DUTIES—PROPERTY SUBJECT TO — CORAL CAMEO ACTS JULY 30, 1846, AND MARCH 3, 1857.

1. Under the tariff act of July 30th, 1846, (9 Stat. 44,) as amended by the tariff act of March 3, 1857, (11 Stat. 192,) coral, cut into the form of a cameo, and not set, and known as a coral cameo, in commerce, is liable to a duty of 24 per cent. ad valorem, under schedule C of the former act, as amended by the latter act, as "coral, cut or manufactured," and is not liable to a duty of only 8 per cent. ad valorem, as "cameos, not set."

2. The specific description in the act of 1846 must prevail over the commercial designation known at the time of the passage of that act.

At law. This was an action [by Eli W. Bailey and others] against [Augustus Schell] the collector of the port of New York, to recover back an alleged excess of duty paid, under protest, on coral cameos, not set. [Judgment for defendant.]

Daniel T. Walden, for plaintiffs.
E. Delafield Smith, Dist. Atty., for defendant.

NELSON, Circuit Justice. The cameos in question were charged with a duty of twenty-four per cent. ad valorem, under the act of March 3, 1857, (11 Stat. 192,) which reduces the duties imposed by schedule C of the act of July 30, 1846, (9 Stat. 44.) The plaintiffs claim that the proper duty was only eight per cent. ad valorem, under schedule G of the act of 1846, as amended by the act of 1857, on the ground that the article is "cameos, not set." It is invoiced as coral cameos. Schedule C of the act of 1846 imposes a duty on "coral, cut or manufactur-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ed." The article in question is coral cut into the form of a cameo, and not set; and the question is, whether the commercial designation of the article, which prevailed at the time of the passage of the act of 1846, shall govern, or the construction of the words of the statute. I am inclined to think, the latter. As the article is "coral, cut or manufactured," although it may have had a fixed designation previously, from its shape and fashion, yet, it was quite competent for congress to designate it by a specific material description, which necessarily takes it out of the one known to the trade. This has been a not unusual mode adopted by congress for the very purpose of taking away the power of fixing any other designation in commercial language. Inasmuch as the article comes within the very words of the specific description, I do not see that the evidence of the commercial designation can be allowed to prevail.

Judgment for the defendant.